**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 7, 2019[*]
Decided January 8, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 17-3328

| | |
|---|---|
| NOAH SCHROEDER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District |
| | of Wisconsin. |
| *v.* | |
| | No. 15-CV-1158 |
| TERRY SAWALL, et al., | Lynn Adelman, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Noah Schroeder, a Wisconsin inmate, sued prison officials for deliberate indifference in failing to protect him from an attack by another inmate. The district court granted the defendants' motion for summary judgment because Schroeder did not demonstrate that any defendant knew of a substantial risk of serious harm. We affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Schroeder was accused by fellow inmate Kevin Stuckey of being a "snitch." According to a conduct report that charged Stuckey with making unauthorized phone calls, Schroeder had told the investigating officer that Stuckey had helped him make calls in exchange for food. Schroeder, concerned about the ramification of being labeled a snitch, sent a letter to the prison's security director stating that he feared for his safety and that the officer had fabricated the report. He also filed an inmate complaint accusing the officer of misconduct for filing a false conduct report. The complaint-examiner dismissed the complaint, explaining that Schroeder's only legitimate safety concern would relate to Stuckey, with whom Schroeder continued to associate peacefully even after the conduct report had been issued. In any event, the complaint-examiner added, Stuckey and Schroeder already were housed in different units.

About three months later, Schroeder was attacked by another inmate who had gained improper access to the recreation field during Schroeder's scheduled recreation time. That inmate "choked out" Schroeder, repeatedly stabbed him with a sharpened paint brush, and called him a snitch. The attack lasted until officers who were supervising the recreation field intervened.

Schroeder sued prison officials under the Eighth Amendment for being deliberately indifferent to the risk that an attack would occur. *See* 42 U.S.C. § 1983. The district court ultimately entered summary judgment for the defendants, explaining that Schroeder had not produced sufficient evidence for a jury to conclude that the defendants subjectively knew about the risk and did not take reasonable measures to abate it. *See Farmer v. Brennan*, 511 U.S. 825, 846–47 (1994); *Giles v. Tobeck*, 895 F.3d 510, 513 (7th Cir. 2018).

On appeal Schroeder generally challenges the district court's conclusion that he did not establish the defendants' culpable state of mind, and stresses that officers knew of the ramifications of being named in Stuckey's conduct report. But "[j]ust because a correctional officer knows an inmate has been branded a snitch—and it's common knowledge that snitches face unique risks in prison—does not mean that an officer violates the Constitution if the inmate gets attacked." *Dale*, 548 F.3d at 570. An officer does not violate the Eighth Amendment "unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. And Schroeder has presented no evidence that any defendant knew of such a risk. The most any defendant knew was that, three months before the attack, Schroeder was named in Stuckey's conduct report, but there is no indication that any defendant would have known that

any threat was posed by the inmate who ultimately attacked Schroeder—an inmate who was uninvolved in the incidents giving rise to Stuckey's conduct report.

Schroeder insists that the attack was nonetheless foreseeable, but his arguments are unpersuasive. To the extent he speculates that his name in the conduct report may have led the assaulting inmate to suspect him of being a confidential informant elsewhere, his theory does not impute knowledge of a serious risk of harm to any defendant. *See Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008). Schroeder also asserts that his assailant told an officer—one not named as a defendant—about plans to attack him, but points to no factual basis for knowing that such a conversation occurred, and ideas based on hunches or rumors are insufficient to avert summary judgment. *See* FED. R. CIV. P. 56(c); *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008). In any case, what was told to a non-defendant officer in no way establishes what any individual defendant here knew.

Schroeder also asserts that lying on a conduct report violates prison policy and amounts to deliberate indifference per se. But violation of a prison policy alone does not violate the Constitution or suggest deliberate indifference. *See Lewis v. Richards*, 107 F.3d 549, 553 n. 5 (7th Cir. 1997); *Langston v. Peters*, 100 F.3d 1235, 1238 (7th Cir. 1996).

AFFIRMED